# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **MICKEY CAMPBELL, O/B/O D. C.** | * | **CIVIL ACTION NO. 07-1690** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **COMMISSIONER OF SOCIAL SECURITY** | * | **MAGISTRATE JUDGE HILL** |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Pending before the undersigned is the Supplemental Report and Recommendation pursuant to Judge Doherty's Minute Entry dated December 19, 2008. [rec. doc. 18]. After considering the Objection to Magistrate's Recommendations [rec. doc. 17], I find that this case should be **REVERSED AND REMANDED**.

The review of the Administrative Record set out in the original Report and Recommendation is adopted herein by reference. [rec. doc. 16].

In the objection filed by claimant, claimant argues that he meets the listing for juvenile diabetes mellitus at 20 C.F.R. Part 404, Subpart P. Appendix 1, § 109.08. Specifically, he argues that the medical records are "replete with evidence" showing that claimant suffers from recent and recurrent episodes of hypoglycemia. [rec. doc. 17, p. 1].

A review of the ALJ's decision reflects that the ALJ summarily concluded in his analysis under step three of the listing of impairments that claimant did not meet or equal a listing. Specifically, the ALJ stated as follows:

> After considering the record, I find that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the statements concerning the intensity, persistence and limiting effects of the claimant's symptoms are not entirely credible.
>
> As for the opinion evidence, I have assigned weight to the opinions of both the examining and non-examining state medical consultants found at Exhibits 3F-4F, 8F and 11F, as the same comport with the credible testimony of claimant and the objective medical evidence. No treating or state medical consultant has ever concluded that claimant was functionally disabled due to his severe impairments of diabetes mellitus – Type I and speech and language disorder.

(Tr. 17).

Nowhere in the Decision did the ALJ identify the listed impairment for which claimant's symptoms failed to qualify, nor did he specifically provide any explanation as to how he reached the conclusion that claimant's symptoms were insufficiently severe to meet any listed impairment, except for his notation that no treating physician had ever concluded that claimant's impairments were disabling. (Tr. 17, 22). "Such a bare conclusion is beyond meaningful judicial review." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (*citing Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996)).

> Section 405(b)(1) of 42 U.S.C. provides, in pertinent part, as follows:
>
> The Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter. Any such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, *setting forth a discussion of the evidence*, and stating the Commissioner's determination and the reason or reasons upon which it is based.

(emphasis added). 42 U.S.C.A. § 405(b)(1).

In *Audler*, the Fifth Circuit held that by the *explicit terms* of the statute, the ALJ was required to *discuss* the evidence offered in support of claimant's claim for disability and to explain why she found claimant not to be disabled at that step. (emphasis added). *Id*. at 448. The court further stated that "[a]lthough the ALJ is not always required to do an exhaustive point-by-point discussion, in this case, the ALJ offered nothing to support her conclusion at this step and because she did not, 'we, as a reviewing court, simply cannot tell whether her decision is based on substantial evidence or not.'" *Id*. (quoting *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986).

After finding that the ALJ erred in failing to state any reason for her adverse determination, the Fifth Circuit then proceeded to the next step, which was to determine whether such error was harmless. Claimant had argued that her

disability met the listing at 20 C.F.R. Part 404, Subpart P. Appendix 1, § 1.04 regarding spinal disorders. The record indicated that claimant had submitted a diagnostic checklist from her treating physician indicating that she had most of the symptoms of under the listing. Additionally, no medical evidence had been introduced to contradict these findings. Accordingly, the Fifth Circuit concluded that absent some explanation from the ALJ to the contrary, claimant appeared to have met her burden of showing that she met the listing, and "therefore her substantial rights were affected by the ALJ's failure to set out the bases for her decision at step three." *Id*. at 449.

Here, as in *Audler*, the record reflects that the ALJ did not even refer to the listing for juvenile diabetes in the Decision. Additionally, although the ALJ reference the exhibit numbers of some physicians' reports, he did not *discuss* his reasons for his adverse determination at step 3 as the Fifth Circuit has required.[1] (emphasis added). Thus, I cannot tell whether his decision was based on substantial evidence or not. *Audler*, 501 F.3d at 448.

---

[1] *But see Moore v. Astrue*, 2008 WL 4602732 (N.D. Tex. Aug. 13, 2008), in which the court found that the ALJ had provided an explanation as to how he reached his conclusion where he relied on the opinions of the medical consultants. The court did not indicate, however, whether the ALJ merely cited the exhibit numbers, as in this case, or actually referred to the reports. *Moore* further found that claimants' substantial rights were not affected by this error.

Next, the court must determine whether this error was harmless. Claimant argues that "numerous blood test results" exist in the record showing that claimant suffers from "recent and recurrent" episodes of hypoglycemia as required by § 109.08. (Tr. 207, 218, 221, 229, 232, 233). The most recent report from Dr. Khanolkar dated February 8, 2007, indicates that claimant's blood sugar is "uncontrolled." (Tr. 256). Additionally, claimant's mother indicated that claimant had four to five hypoglycemic episodes per day. No medical evidence was introduced to contradict these findings. Based on this evidence, claimant would appear to have met the burden of demonstrating that he met the listing requirement for juvenile diabetes, and therefore, his substantial rights were affected by the ALJ's failure to set out the bases for his decision at step three. *Audler*, 501 F.3d at 449.

Rather than recommend that benefits be awarded, however, I believe it appropriate to require the ALJ to set out her conclusions, in detail, as required by *Audler*.

## **CONCLUSION**

Accordingly, based on the foregoing, it is my recommendation that the Commissioner's decision be **REVERSED AND REMANDED** to the Commissioner for further administrative action pursuant to the fourth sentence of

42 U.S.C. § 405(g). This includes, but does not limit, sending the case to the hearing level with instructions to the Administrative Law Judge to give claimant an opportunity to obtain an updated consultative examination regarding his juvenile diabetes and to specifically determine whether he meets the listing under 20 C.F.R. Part 404, Subpart P. Appendix 1, § 109.08.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE**

**LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

Signed January 12, 2009, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE